Argued February 5, affirmed March 17, 1971

BRADFORD, *Respondent, v.* MALLOY ET AL,
*Appellants.*
482 P2d 528

*Thomas S. Moore*, Portland, argued the cause for appellant Michael Malloy. On the briefs were Morrison & Bailey.

*Graham Walker*, Portland, argued the cause for appellants W. R. Rogers and Donald C. Rogers, dba Rogers Construction Co. With him on the briefs was John C. Coke.

*Charles Paulson*, Portland, argued the cause for respondent. With him on the brief were Gerald R. Pullen and Homer Allen.

Before O'CONNELL, Chief Justice, and McALLISTER, DENECKE, HOLMAN, and HOWELL, Justices.

McALLISTER, J.

This is a personal injury action in which the jury found for plaintiff and both defendants appeal.

The defendants Rogers were constructing a 14-mile segment of Interstate 80N between Cascade Locks and Mitchell Point, which would complete the interstate highway. The new construction which was to become the westbound segment of the freeway was parallel to and north of the old highway which was to become the eastbound segment of the freeway. At the time of the accident both east and westbound traffic

had been diverted onto the old two-lane highway with only one lane for eastbound and one lane for westbound vehicles.

The accident happened on a dark October night in 1967 about two miles east of Cascade Locks. Plaintiff was driving west and the defendant Malloy was driving east. Malloy was not aware that he was on a two-way highway and turned out to pass two eastbound vehicles ahead of him. He stayed out on the left side of the highway until he finally realized he was directly in the path of plaintiff's westbound car. Malloy did not then have time to get entirely back to his own side of the road and his car and plaintiff's car collided.

■ The defendant Malloy charged plaintiff with contributory negligence in three particulars: lookout, speed, and control. The trial court withdrew these charges of contributory negligence from the jury and this ruling is Malloy's only assignment of error. We agree with the trial court that there was no evidence tending to prove the charges of contributory negligence or that any alleged negligence of plaintiff was a cause of the accident. In his final argument to the jury Malloy's counsel conceded that plaintiff was entitled to recover. He said:

"Mr. Bradford is entitled to be compensated justly and fairly. The question is, who is going to pay it?"

He also said:

"I would have to agree Mr. Bradford did nothing wrong, he was driving down the road; he did nothing wrong."

And again:

"Mr. Bradford, when he comes down the highway, he was driving on the right side."

The trial court did not err in withdrawing the issue of contributory negligence from the jury.

■ The defendants Rogers argue only one assignment of error in this court which needs comment. They contend that the complaint failed to state a cause of action against them. This question was raised for the first time in this court and is wholly without substance. The complaint alleged that the Rogers were engaged in a highway construction project on a portion of Interstate 80. The complaint also charged that the Rogers had changed an area of Interstate 80 so that westbound traffic was diverted to the south half of said highway, which became a two-way highway consisting of one lane for eastbound traffic and one lane for westbound traffic. The complaint further charged the Rogers with sundry acts of negligence, including the failure to install sufficient "Two Way Traffic," "Do Not Pass," and other signs informing motorists that they were on a two-way highway. The complaint was good both before and after verdict and is particularly good when challenged for the first time in this court.

The defendants Rogers did not charge plaintiff with contributory negligence, but attempted to rely on the charges made by the defendant Malloy. This contention is disposed of by what we have said concerning Malloy's assignment of error.

The judgment is affirmed.